## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF KANSAS

|  |  |  |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| **Plaintiff,** | ) | **CRIMINAL ACTION** |
| v. | ) | |
| | ) | **No. 02-20107-02-KHV** |
| MARTIN CORONA-VALENZUELA, | ) | |
| | ) | |
| **Defendant.** | ) | |
| | ) | |

## MEMORANDUM AND ORDER

On June 14, 2004, the Court sentenced defendant to 210 months in prison.  This matter is before the Court on defendant's <u>Pro Se Motion For Modification Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2)</u> (Doc. #230) filed January 31, 2017.  Defendant seeks relief under Amendment 782 to the United States Sentencing Guidelines, which lowered the base offense levels for certain quantities in the Drug Quantity Table at U.S.S.G. § 2D1.1.  The government concedes that under Amendment 782, defendant's base offense level would decrease from 38 to 36.  Even so, the government argues that defendant is not eligible for relief because he is a career offender and therefore his sentence was calculated under U.S.S.G. § 4B1.1(b).  The Presentence Investigation Report ("PSR") noted that the career offender provision did not apply because defendant's total offense level of 37 was higher than the offense level set forth in Section 4B1.1(b).[1]  <u>See</u> PSR dated April 21, 2004, ¶ 74.  Even if the Court decreased defendant's base offense level to 36, his total offense level of 35 (after adjustment for possession of firearm and acceptance of responsibility) is higher than the offense level set forth in Section 4B1.1(b).  Accordingly, the career offender provision does not preclude relief.

---

[1]     The offense of conviction had a statutory maximum of 40 years in prison.  Accordingly, Section 4B1.1(b) provided for an increase to an offense level of 34 (or 31 after an adjustment for acceptance of responsibility).  <u>See</u> U.S.S.G. § 4B1.1(b)(2) (same under Nov. 1, 2003 and Nov. 1, 2016 versions).

The Court finds that defendant is not eligible for relief under Amendment 782, however, because his offense level remains the same under the amended guidelines.  In particular, defendant's base offense level remains level 38 because the Court attributes to him a marijuana equivalent of 117,376 kilograms.  See PSR ¶¶ 55, 65.[2]

**IT IS THEREFORE ORDERED** that defendant's Pro Se Motion For Modification Of Sentence Pursuant To 18 U.S.C. § 3582(c)(2) (Doc. #230) filed January 31, 2017 is **DISMISSED for lack of jurisdiction**.

Dated this 27th day of February, 2017 at Kansas City, Kansas.

s/ Kathryn H. Vratil
KATHRYN H. VRATIL
United States District Judge

---

[2]      At the time of sentencing, the Court found a base offense level of 38 because the total marijuana equivalent was more than 30,000 kilograms.  See U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2004 ed.) (base offense level of 38 for 30,000 kilograms or more of marijuana).  Under the current Guidelines, the threshold amount of marijuana for a base offense level of 38 is 90,000 kilograms.  See U.S.S.G. § 2D1.1(c)(1) (Nov. 1, 2016 ed.).
      The PSR found that defendant was accountable for 24 kilograms of cocaine (with a marijuana equivalent of 4,800 kilograms), eight pounds of "ice" (with a marijuana equivalent of 36,288 kilograms) and 20 kilograms of methamphetamine (with a marijuana equivalent of 40,000 kilograms), or a total of 81,088 kilograms.  See PSR ¶ 65.  In fact, under the Guidelines both at the time of sentencing and now, the total marijuana equivalent is 117,376 kilograms.  In particular, the PSR did not use the correct conversion factor for "ice."  See U.S.S.G. § 2D1.1(D) (one pound equals 453.6 grams and one gram of "ice" equals 20 kilograms of marijuana).  Based on eight pounds of "ice," the marijuana equivalent is 72,576 kilograms (8 pounds X 453.6 grams/pound X a conversion factor of 20 under Guidelines), or a total marijuana equivalent of 117,376 kilograms (4,800 + 72,576 + 40,000).